**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 98-40796
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SCOTT MARK LAIR,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-97-CR-287-1

August 4, 1999

Before KING, Chief Judge, HIGGINBOTHAM and STEWART, Circuit Judges.

PER CURIAM:[*]

Scott Mark Lair appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He argues that the district court erred in denying his motion for new trial based on newly discovered evidence of his alleged mental incompetence and erred in denying his request for a downward departure based on diminished mental capacity.

We have reviewed the record and the briefs of the parties and hold that the district court did not abuse its discretion in denying the motion for new trial. United States v. Jaramillo, 42 F.3d 920, 924 (5th Cir. 1995); United States v. Sanchez-Sotelo, 8 F.3d 202, 212 (5th Cir. 1993).

With regard to the district court's refusal to depart downward, this court has jurisdiction if a refusal to depart downward was premised upon a mistaken conclusion that the guidelines do not

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

permit such a departure, but lacks jurisdiction if the refusal was premised on a determination that a departure was not warranted under the facts of the case. United States v. Brace, 145 F.3d 247, 263 (5th Cir.)(en banc), cert. denied, 119 S. Ct. 426 (1998). There is nothing in the record to indicate that the district court erroneously believed that it lacked authority to depart downward. See United States v. Landerman, 167 F.3d 895, 899 (5th Cir. 1999)(citing United States v. Willey, 57 F.3d 1374, 1392 n. 32 (5th Cir. 1995); see also United States v. Valencia-Gonzales, 172 F.3d 344, 346 (5th Cir. 1999). As a result, this court does not have jurisdiction to review the district court's refusal to downwardly depart. The judgment of the district court is AFFIRMED.

AFFIRMED.